THIRD DEPARTMENT, OCTOBER, 1939.

(October 4, 1939.)

THE PEOPLE OF THE STATE OF NEW YORK ex rel. EDWARD HENRY GIBSON, alias JACK H. SMITH, v. WILLIAM E. SNYDER, as Warden of Clinton Prison, Dannemora, N. Y.— Motion for permission to present record and brief in handwriting denied. Present — Hill, P. J., Crapser, Bliss, Heffernan and Schenck, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. JOSEPH S. STERLING, Respondent.— Motion for leave to appeal to the Court of Appeals denied, with ten dollars costs. Present — Hill, P. J., Crapser, Bliss, Heffernan and Schenck, JJ.

In the Matter of the Claim of ANNA LASKY, Respondent, against CADMAN H. FREDERICK and ÆTNA LIFE INSURANCE COMPANY, Appellants. STATE INSUSTRIAL BOARD, Respondent.— The employer was engaged in the real estate developing business and the decedent was employed as a laborer and on May 19, 1937, while engaged in his regular occupation, assisting the employer to move a building along a highway, the decedent was exposed to a heavy rain and became wet and drenched and he had chills and developed pneumonia from which he died on May 28, 1937. The employer in his first report of injury said, "24. Describe fully how accident occurred, and state what employee was doing when injured, Workmen were moving bldg. It started to rain but as bldg. was on busy thoroughfare men had to continue working to remove it." The report further stated, "Cold from wet clothing. Had to be taken to hosp." Medical attention was provided by the employer. The men moving the building had to do heavy work and were drenched with rain about eleven-thirty, they could not stop because they were moving the building on a highway and it was necessary to complete the job. It was not customary for men to work for this employer during the rain but because they were moving the building across the highway it was necessary for the work to continue. The medical testimony supports the causal relation in this case. The only doctor sworn said that it was his opinion from the history which he had received and what he knew about the case that the exposure to the rain caused the pneumonia. The inception of the disease is assignable to a determinate and single act, the act of becoming wet, identified as happening on May 19, 1937. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Crapser, Bliss, Heffernan and Schenck, JJ.